Thomson, J.
The appellant brought tbis action against two of the stockholders of The Golden Horn Mining and Milling Company, a corporation organized pursuant to the laws of tbis state, to recover the amount of a judgment previously rendered in bis favor against the company. The complaint alleged that the capital stock of the company was fixed by its certificate of incorporation at $1,250,000, divided into 1,250,000 shares of the par value of one dollar each; that the defendant, Jones, was, at the date of the incorporation, the owner of three mining claims in the Cripple *251 Creek raining district, in this state; that shortly after the incorporation of the company, a certificate embracing its entire capital stock, full-paid and non-assessable, was issued and delivered to Jones in consideration of the conveyance by him to the company of the three mining claims of which he was the owner; that he immediately transferred 400,000 shares of the stock to the company, to he by it sold as fully paid, and, excepting 112,750 shares which he retained, divided the residue among the other incorporators and parties not named; that the mining claims were simple locations on which no work had been performed except that necessary to their location, and in which no mineral had been discovered; that they had no value except as prospects, and were not worth to exceed $1,000; that the defendant Jone§ paid no consideration for his stock, and was liable to the creditors of the corporation for the difference between its par value and the value of the mining claims; that the other defendant paid no consideration for his stock, and was liable to the creditors of the corporation for its full par value; that for three years before the commencement of the action, no assessment work was done on any of the claims, and by reason of the default, the company lost all its rights to the property, and, having no other property, became insolvent; and that on the 18th day of June, 1898, the plaintiff recovered judgment against the company for $300 and costs, execution on which was returned unsatisfied for want of property on which to levy. Judgment against the defendants for $310.25 was demanded.
The only one of the defendants appearing to the action was Jones; and he demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action. The demurrer was sus *252 tained, judgment entered accordingly, and the plain-' tiff appealed^.
Our statute concerning corporations provides that each stockholder shall he liable for the debts of the corporation to the extent of the amount that may be unpaid upon the stock held by him. — Mills’ Ann. Stats., sec. 486.
It provides further that any mining company, organized under its provisions, may, for the purpose of purchasing mining property, issue full-paid stock in payment for it.- — Mills ’ Ann. Stats., sec. 582.
The intention of the law is that stock issued by-a corporation shall represent value. Persons transacting business with it have a right to rely on its representations; and, to hold itself out as having resources for the discharge of its liabilities which it does not possess, is a fraud upon its creditors. In the case of corporations organized under the laws of this state for the development of mining property, the capitalization may be, and usually is, fixed with reference to prospective value, that is, to value which in the judgment of the parties the property actually has, but which development is necessary to disclose; and if such value is estimated in good faith, we think the stock issued in consideration of a transfer of the property should be regarded as full paid, notwithstanding the parties’ judgment should afterwards prove to be erroneous.
But we are informed by this complaint that no mineral had been "discovered upon the claims which the defendant transferred to The Golden Horn Mining and Milling Company, and that, excepting those claims, the ¿company had no- property. The location of a mining claim must be made on a mineral vein- or lode. — General Statutes U. S., sec. 2322.
The discovery of the vein or lode is an essential *253 prerequisite to a location. There is no valid location without it. — Mills’ Ann. Stats., sec. 3152.
According to this complaint the defendant received stock in consideration' of property to which he had no title.. Having made no discovery upon the ground, he acquired no right in it, and his deed to the company conveyed nothing. By reason of his want of title, any valuation of the property for the purpose of its transfer by him to the company in consideration of stock was an over-valuation. The case made by the complaint, if established by proof, entitled the plaintiff to the judgment he sought, and it was error to sustain the demurrer. Let the judgment be reversed. Reversed.